UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | |
| DATA ACCESS/ DATA PATCH, INC., LEE W. TARDIVEL, and the DATA ACCESS/ DATA PATCH, INC. 401(K) PROFIT SHARING PLAN, | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |

---

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

**PRELIMINARY STATEMENT**

1. The Secretary brings this action under the Employee Retirement Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 *et seq.*, against Data Access/Data Patch, Inc. ("Data Access" or the "Company") and Lee W. Tardivel ("Tardivel") seeking restitution and other appropriate relief for harms suffered by the Data Access/Data Patch, Inc. 401(k) Profit Sharing Plan (the "Plan").

2. From approximately December 18, 2017 through March 31, 2018, the Company and Tardivel (collectively the "Fiduciaries") consistently failed to deposit and/or ensure deposit of at least $8,825.37 in salary deferrals, pension deferrals, and loan repayments into the Plan. The Fiduciaries failed to segregate Plan assets from Company assets.

3. By the actions and omissions specified above, the Fiduciaries breached the exclusive purpose rule; their duties of prudence and loyalty; and caused the Plan to enter into non-exempt prohibited transactions.

4. The Plan and its participants suffered losses because of these breaches, including but not limited to the amount of the contributions that were not forwarded, lost earnings, and lost opportunity costs for which the Fiduciaries are jointly and severally liable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue with respect to this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the Plan was administered in Paramus, New Jersey within the District of New Jersey and the many of the violations at issue in this Complaint occurred within this district.

## PARTIES

7. Plaintiff, the Secretary, has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries who breach their duties under Title 1 of ERISA. 29 U.S.C. § 1132(a)(2) and (5).

8. Defendant Data Access was an employer whose employees were covered by the Plan, which maintained its principal place of business at 40 Eisenhower Parkway, Suite 101, Paramus, New Jersey 07652. The Company was the designated Plan administrator. At all times pertinent hereto, the Company exercised discretionary authority and control respecting management and administration of the Plan, and exercised discretionary authority and control over the disposition of the Plan's assets, and, thus, was a fiduciary of the Plan within the meaning of

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The Company was also a party in interest to the Plan within the meaning under ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A).

9. At all relevant times, Defendant Tardivel was the owner of the Company, and named trustee of the Plan. At all times pertinent hereto, Tardivel exercised discretionary authority and control over the disposition of the Plan's assets, and thus, was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Tardivel was also a party in interest to the Plan within the meaning under ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H) as he is a fiduciary of the Plan and the sole owner of the Company.

10. At all relevant times, the Plan was an employee benefit plan within the meaning of ERISA § 3(2) and (3), 29 U.S.C. § 1002(2) and (3). The Plan is joined as a defendant pursuant to Federal Rule of Civil Procedure 19 solely to ensure that complete relief can be granted.

## FACTUAL ALLEGATIONS

11. Data Access was in the business of installing fiber cables and providing network support.

12. Data Access established the Plan was established on or around January 1, 1994.

13. Data Access was sold to Tardivel in December 2016.

14. Tardivel replaced former owner Mark Barbalat as trustee of the Plan on December 18, 2017 pursuant to a plan amendment.

15. Tardivel was responsible for the Plan's administration, distribution of assets, and its day-to-day management, and he had authority to remit participant contributions.

16. Massachusetts Mutual Life Insurance Company ("Mass Mutual") is and has been the Plan custodian at all times relevant to this action. As of April 15, 2019, Mass Mutual held $105,148.19 in assets of the Plan.

**The Company and Tardivel Failed to Remit Contributions and Loan Repayments to the Plan**

17. As explained in the Summary Plan Description, participating employees could have the Company withhold a portion of their salary to contribute to their individual 401(k) account each pay period.

18. Participating employees of the Plan could also apply for a loan from their 401(k) accounts and were required to repay the Plan, with interest, pursuant to a definite repayment period (the "Loan Repayments").

19. From approximately December 18, 2017 through March 31, 2018, the Company and Tardivel failed to deposit and/or ensure the deposit at least $8,825.37 of the withholdings and Loan Repayments into the Plan.

20. Upon information and belief, the Company and Tardivel failed to segregate withholding and Loan Repayments from Company assets and, instead, used the withholdings and Loan Repayments for its day to day operations or to pay creditors.

21. Defendants' failure to ensure that deferred compensation, such as salary deferrals, Roth deferrals and Loan Repayments were deposited caused a loss to the Plan, including but not limited to the amount of the contributions that were not forwarded and lost earnings.

22. The Fiduciaries intended to benefit the Company and Tardivel as parties in interest by spending the withheld funds on the Company's non-Plan expenses.

**The Company and Tardivel Have Failed to Administer the Plan**

23. In September 2017, after nine months after acquiring the Company, Tardivel obtained financing in the amount of $1.25 million from Merchant Financial Corp. ("Merchant"), which was secured by the Company's assets and a personal guarantee from Tardivel.

24. In March 2018, the Company breached its financing obligations to Merchant.

25. As of July 12, 2018, the Company owed $1,090,261.29 to Merchant.

26. In April 2019, a Judgment and Bill of Costs was issued against Tardivel personally in the amount of $1,090,261.29.

27. At least one Plan participant contacted the Company and Tardivel in or around Fall 2017 to obtain a distribution to which he was eligible under the Plan documents, but received no response.

28. Tardivel is refusing to return phone calls and is not acting as fiduciary to the Plan.

29. The Company ceased operations in or around December 2018 and is engaged in a liquidation proceeding called a "Deed of Assignment for the Benefit of Creditors" in the State of New Jersey.

30. From at least 2019, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute its assets to Plan participants, and there is no fiduciary actively functioning on behalf of the Plan.

31. Without a fiduciary of the Plan to instruct an asset custodian to distribute the Plan's assets, the Plan's participants are unable to obtain distributions of funds from the Plan.

## FIRST CLAIM FOR RELIEF
**(Against Tardivel and the Company for Breaches of the Exclusive Purpose Requirement)**

32. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in paragraphs 1-31 inclusive.

33. ERISA § 403(c)(1) only allows plan assets to be held for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It also forbids holding plan assets for any employer's benefit. 29 U.S.C. § 1103(c)(1).

34. By failing to deposit salary deferrals and Roth deferrals into the participants' respective 401(k) accounts and failing to remit Loan Repayments, the Company and Tardivel allowed the assets of the Plan to inure to the benefit of the Company and failed to hold the Plan assets for the exclusive purpose of providing benefits to participants in the Plan and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

35. By their actions and omissions, the Company and Tardivel allowed Plan assets to be held outside of the Plan for an extended period of time, and for other than their intended purpose.

36. By the actions above, Tardivel and the Company caused harm to the Plan and its participants for which they are jointly and severally liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

## SECOND CLAIM FOR RELIEF
**(Against Tardivel and the Company for Breaches of Fiduciary Duties)**

37. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in paragraphs 1-36 inclusive.

38. As Plan fiduciaries, Tardivel and the Company had duties under ERISA § 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A) and (B). In similar circumstances, prudent and loyal fiduciaries would promptly segregate and deposit salary deferrals and Roth deferrals into the participants' respective 401(k) accounts and remit Loan Repayments to the Plan.

39. Instead, Tardivel and the Plan allowed Plan assets to remain in the general operating account where Tardivel or the Company could access them for impermissible purposes, such as paying everyday business expenses.

40. The diversion of assets was imprudent and disloyal because it was not in the interest of the Plan participants and beneficiaries.

41. By their actions and omissions, Tardivel and the Company:

   a. failed to discharge their duties with respect to the Plan solely in the interest of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses in violation of ERISA § 404(a)(1)(A); and

   b. failed to discharge their duties to administer the Plan's assets with the care, skill, prudence, and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B).

42. By the actions above, Tardivel and the Company caused harm to the Plan and its participants for which they are jointly and severally liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

**THIRD CLAIM FOR RELIEF**
**(Against Tardivel and the Company for Prohibited Transactions)**

43. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in paragraphs 1-42 inclusive.

44. ERISA § 406(a)(1)(D) prohibited the Company as Plan Administrator and Tardivel as Plan Trustee from transferring Plan assets to a "party in interest." 29 U.S.C. § 1106(a)(1) (D).

45. Tardivel, as the fiduciary and 100% Owner of Data Access, was a "party in interest" to the Plan. ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

46. The Company, as Plan Administrator and employer, was a "party in interest" to the Plan. ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

47. Tardivel and the Company failed to segregate and remit employee Plan contributions and allowed the Company to commingle Plan assets with general employer assets.

48. By their actions and omissions, Tardivel and the Company caused the Plan to enter into transactions that they knew or should have known constituted direct or indirect transfers to or use by or for the benefit of a party in interest of Plan assets in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

49. By the actions above, Tardivel and the Company caused harm to the Plan and its participants for which they are jointly and severally liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

## FOURTH CLAIM FOR RELIEF
### (Against Tardivel and the Company for Failure to Administer)

50. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in paragraphs 1-49 inclusive.

51. At all relevant times, the Company was designated as the Plan administrator, and as such, was responsible for administering the Plan consistent with the requirements of ERISA. Tardivel was the administrator-in-fact.

52. At all relevant times, Tardivel performed the actual administration of the Plan, and therefore, was responsible for administering the Plan consistent with the requirements of ERISA.

53. Tardivel and the Company failed to honor at least one participant's request to have their Plan account rolled over into a different plan, and thereby breached their duties as Plan administrators to timely process participants' requests for their accounts.

54. By the actions above, Tardivel and the Company caused harm to the Plan and its participants for which they are jointly and severally liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary requests that the Court grant the following relief:

1. Ordering the Company and Tardivel to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2. Appointing an independent fiduciary to the Plan with plenary authority to make distributions of any restitution paid by Tardivel and/or the Company and to otherwise marshal the assets of and administer the Plan, including making whole Plan participants who received distributions in amounts less than they were entitled to under the Plan;

3. Ordering the Company and Tardivel, as well as their agents, employees, service providers, banks accountants, and attorneys, to preserve and provide the Secretary all of the books, documents, and records relating to the finances and administration of the Company and the Plan;

4. Permanently enjoining Tardivel from serving as a fiduciary or service provider to any ERISA-covered plan; and

5. Granting such other relief as may be equitable, just and proper.

DATED:    February 27, 2020
                New York, New York

                Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor


  /s Stacy Goldberg
STACY M. GOLDBERG
U.S. Department of Labor,
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3650
Fax. 646-264-3660
NY-SOL-ECF@dol.gov

Attorneys for Plaintiff